**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4780

SEYMONE C. RAIMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-332)

Submitted: May 25, 1999

Decided: June 7, 1999

Before HAMILTON, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Timika
Shafeek, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Seymone C. Raimer was arrested when she arrived in Charlotte, North Carolina, on a flight from Jamaica carrying cocaine hidden in toiletry items. Following a jury trial, she was convicted on one count of possession with intent to distribute cocaine (21 U.S.C. § 841(a)(1) (1994)), and one count of importation of cocaine (21 U.S.C. § 952 (1994)). The district court sentenced her to concurrent sixty-month prison terms. Raimer appeals, contending that the district court improperly allowed the Government to introduce certain testimony and erred by failing to apply the safety valve provision when sentencing her. Finding her claims meritless, we affirm.

First, Raimer argues that the testimony from a law enforcement agent concerning her statements to him about her knowledge of illegal drug activities separate from those for which she was being tried violated Rules 404(b) and 403 of the Federal Rules of Evidence. We find that the district court did not abuse its discretion by admitting the evidence because: (1) the evidence was relevant to show that, despite her claims to the contrary, she knew she was transporting drugs; (2) the evidence was necessary to show part of the context of the crime; (3) the evidence, which came directly from Raimer, was reliable; and (4) its probative value was not substantially outweighed by the risk of unfair prejudice. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997), cert. denied, 118 S.Ct. 1572 (1998).

Raimer also argues that the court erred by failing to apply the safety valve provision, U.S. Sentencing Guidelines Manual § 5C1.2 (1997), arguing that the Government failed to debrief her. However, a defendant may not rely on the Government's failure to debrief her unless the Government has promised to do so. See United States v. Beltran-Ortiz, 91 F.3d 665, 668-69 (4th Cir. 1996). There was no such promise in this case. A defendant seeking the benefit of the safety valve provision must affirmatively act to truthfully provide the Government with all information he has concerning his offense and also must acknowledge responsibility for his actions. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996). We find that the district court did not err by finding that Raimer failed to truthfully

2

acknowledge her knowing involvement in transporting cocaine from Jamaica to North Carolina.

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3